```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CAPITAL SOURCE FINANCE, LLC | : |
| v. | : Civil Action No. DKC 2006-2706 |
| STEPHEN B. DELUCA | : |

**MEMORANDUM OPINION**

Plaintiff Capital Source Finance, LLC seeks a preliminary injunction attaching Defendant Stephen B. DeLuca's assets during the pendency of this litigation. Plaintiff filed this action against DeLuca and Delco Oil, Inc. ("Delco") on October 16, 2006, asserting a claim against Delco for default in breach of a loan agreement. The complaint also asserts a claim against DeLuca for breach of a guarantee agreement that allegedly makes him personally responsible for repayment of Plaintiff's loan to Delco. Plaintiff now contends that DeLuca orchestrated a pattern of fraud to inflate the sales and inventory that Delco reported as a basis for, and pledged as collateral for, a loan made to Delco by Plaintiff. Plaintiff alleges that the fraudulent inflation of sales totaled approximately $8 million and was the basis upon which Plaintiff lent millions of dollars to Delco. Plaintiff seeks prejudgment attachment of DeLuca's personal assets as a result of this alleged fraud. For the reasons that follow, the court will deny Plaintiff's motion for prejudgment attachment.

Maryland authorizes statutory prejudgment attachment in a contract or tort case when "the debtor is a nonresident individual." Md. Code Ann., Cts. & Jud. Proc. § 3-303 (b). The attachment authority of Maryland courts under this provision is limited to property located within the state of Maryland. *See Fed. Deposit Ins. Corp. v. Rosenburg*, 622 F.Supp. 286, 287-88 (D.Md. 1985) (citing *Overmyer v. Lawyers Title Ins. Corp.*, 32 Md.App. 177 (Md.Ct.Spec.App.), *cert. denied*, 278 Md. 730 (1976), *cert. denied*, 429 U.S. 1123 (1977)). This court's authority is similarly limited under Fed.R.Civ.P. 64 because there is no federal statute authorizing prejudgment attachment under the circumstances of this case. Plaintiff points to no assets that are located in Maryland that could be subject to any attachment order issued by this court.

Maryland courts have also recognized a doctrine, separate from section 3-303, allowing attachment of property before judgment due to fraud by a party. *Teferi v. Dupont Plaza Assoc's*, 77 Md.App. 566 (1989); *Levitt v. Md. Deposit Ins. Fund Corp.*, 66 Md.App. 524 (1986); *see also United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 489 (4th Cir. 1999) (recognizing and applying Maryland's doctrine of attachment to prevent fraud). Three elements are required in order to attach property under this doctrine. The plaintiff must establish a "substantial likelihood [(1)] that fraud was committed by the defendant[,] . . . [(2)] that the assets were fraudulently obtained, and [(3)] . . . that the

defendant would dispose of assets before judgment." *United States ex rel. Rahman*, 198 F.3d at 501 (citing *Teferi*, 77 Md.App. at 573).

Even assuming that Plaintiff has established a substantial likelihood that DeLuca participated in fraud that resulted in the dispersal of the loan proceeds, there is no evidence that any particular assets held by DeLuca were obtained from the pool of money, here the loan proceeds, that was allegedly fraudulently obtained.  This court cannot attach assets under Maryland's doctrine of attachment to prevent fraud absent a showing that the specific assets that are to be attached were obtained from fraudulently acquired funds.  *See United States ex rel. Rahman, 198 F.3d at 501, see also Teferi*, 77 Md.App. at 577 (concluding that there was a substantial likelihood that assets attached were obtained by fraud).  Because Plaintiff identifies no assets in Maryland and no specific assets, in Maryland or elsewhere, that can be traced to the alleged fraud, prejudgement attachment of DeLuca's assets is not appropriate.  A separate Order will be issued denying Plaintiff's motion.

                                                   /s/                
DEBORAH K. CHASANOW
United States District Judge